**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECTV, Inc., | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **V.** | § |
| | § |
| ISMAEL LOZANO, GERALD MANTHEY | § |
| LUIS ERNESTO LONGORIA, CARLOS | § |
| MASSO, KLAUS MEYER, ABRAHAM | § |
| OCHOA, GEORGE RAMIREZ, PEDRO | § |
| SANDOVAL, ERIC SOLIS and DUAINE | § |
| WOHLERS | § |
| | § |
| **Defendants.** | § |

CIVIL ACTION B-03-094

**B-03-197**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO
DEFENDANT'S, KLAUS MEYER, MOTION TO DISMISS**

Plaintiff DIRECTV, Inc., ("DIRECTV") files this Memorandum in Support of Its

Response to Defendant, George Meyer's, ("Meyer") Motion to Dismiss (the "Motion") and

Meyer's memorandum of law filed in support ("Memorandum").

**I. SUMMARY**

DIRECTV brought this action against Meyer, pursuant to 47 U.S.C. § 605, and 18 U.S.C.

§§ 2511 and 2512, for wrongful interception of encrypted satellite programming. In its Original

Complaint ("Complaint"), DIRECTV alleges how it acquired knowledge concerning purchases

of particular electronic devices, alleges that the purpose of these devices is the illicit interception

of encrypted satellite television programming, alleges Meyer's purchases of these devices, and

alleges Meyer's wrongful interception of DIRECTV's encrypted programming.

By his Motion, Meyer contends this action should be dismissed because, he alleges, that

no civil claims exist for violations § 2512. Meyer's motion must fail because another federal

TRUE COPY I CERTIFY
MILBY, CLERK
Deputy Clerk

1

statute, 18 U.S.C. § 2520, expressly confers a private right of action to sue for violations of § 2512. A simple review of the relevant law establishes that Meyer's ground for dismissal is meritless and his motion should be denied.

## II. STANDARD OF REVIEW

When ruling on a Motion to Dismiss brought under Rule 12(b)(6), the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint. A motion to dismiss should be denied if the allegations support relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Here, since federal law expressly confers a private right of action for violation of 18 U.S.C. § 2512 and DIRECTV has plead a violation of that section, Meyer's motion to dismiss should be denied.

### III.    FEDERAL LAW EXPRESSLY CONFERS A PRIVATE RIGHT OF ACTION FOR VIOLATION OF SECTION 2512(1)(b).

DIRECTV alleges in Count 3 of its Complaint that Meyer has "possessed and used" devices that are primarily useful for illegally intercepting and decoding DIRECTV's satellite television programming, in violation of 18 U.S.C. § 2512(1)(b). Meyer contends that there is no private right of action under § 2512. Contrary to Meyer's assertion, 18 U.S.C. § 2520 expressly confers a private right of action to sue under § 2512.

---

[1] DIRECTV maintains that Congress' intent in amending Section 2520 was not to remove a cause of action for procurement of another and the legislative history provides absolutely no support for that position. S. Rep. No. 541, 99th Cong., 2d Sess. 26-27; see also, Peavy, 221 F.3d at 169. Moreover, *Peavy* should be limited to its facts as it more involved questions of media first amendment rights and secondary liability than issues of television or satellite piracy. *See generally*, 221 F.3d 158.

Section 2512 is contained in Chapter 119 of the federal criminal statutes, entitled Wire And Electronic Communications Interception And Interception Of Oral Communications. Section 2520 of Chapter 119, 18 U.S.C. § 2520, provides in relevant part that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation *of this chapter may in a civil action recover from the person or entity ... which engaged in that violation* such relief as may be appropriate." 18 U.S.C. § 2520(a) (emphasis added). Section 2520 clearly confers a private right of action permitting DIRECTV to sue Meyer for violation of § 2512. DIRECTV alleges that its electronic satellite communications were intercepted and used in violation of Chapter 119, and that Meyer engaged in that violation, including by possessing and using devices prohibited by § 2512(1)(b). DIRECTV thus asserts a claim against Meyer that is expressly within the private right of action that § 2520 confers.

Meyer fails to point out that federal district courts have recognized, in cases involving similar allegations, that § 2520 confers a private right of action to assert claims under § 2512. In *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F. Supp. 1019, 1022 (D. Nebr. 1991), plaintiff, a cable television provider, sued defendants under § 2512 for selling equipment used to gain unauthorized access to plaintiff's programming. Defendants moved to dismiss on grounds that there is no private right of action under § 2512. *Id.* at 1026. The court disagreed, holding that § 2520 "confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510 – 2521," *i.e.,* any of the statutory sections contained within Chapter 119. *Id.* at 1027. Recently, in *DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002), the court relied upon § 2520 and *Oceanic Cablevision* to conclude that DIRECTV could bring a private cause of action for violation of § 2512.

3

Meyer cites *Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985) for support of his position that no private right of action exists under § 2512. *Flowers*, however, was decided under an earlier version of § 2520 and has no application here. Prior to its amendment in 1986, § 2520 provided that:

> Any person whose wire or oral communication is intercepted, disclosed or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person.

18 U.S.C. § 2520 (as amended Pub. L. 91-358, Title II, § 211(c), July 29, 1970). In *Flowers*, the Fourth Circuit concluded that the pre-1986 version of § 2520 "expressly limit[ed] those against whom the private action lies to the person who 'intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.'" The court held that the pre-1986 § 2520 did not confer a private cause of action against a defendant who manufactured or sold a device in violation of § 2512, because such manufacture or sale did not constitute interception, disclosure or use, or procuring another to intercept, disclose or use, as required to state a violation of § 2520. *Id.* at 588-89.

In 1986, Congress amended § 2520 to provide that "any person whose ... electronic communication is intercepted, disclosed, or intentionally used in violation of" Chapter 119 has a private cause of action against the "person or entity ... *which engaged in that violation*." 18 U.S.C. § 2520(a). As amended, the private cause of action under § 2520 is no longer limited to claims against a *defendant* who intercepted, disclosed or used an electronic communication, but has instead been expanded to permit any *plaintiff* whose electronic communication has been intercepted, disclosed or used, to sue those who "engaged" in any violation of Chapter 119, including § 2512. *See Oceanic Cablevision*, 771 F. Supp. at 1026-27 (holding that the amendments to § 2520 broadened the statute to confer a private cause of action for violation of

4

all of Chapter 119 (§§ 2510-2521)); *see also E.Q. Stuff*, 207 F. Supp. 2d at 1084 n.8 (finding *Flower* unpersuasive under the current version of § 2520). Accordingly, the holding of *Flowers*, which applies only to § 2520 prior to its amendment in 1986, has no application to determine whether DIRECTV has a private cause of action for violation of § 2512.

Similarly, as the decision in *DIRECTV, Inc. v. Thacker, et al*, relied upon *Flowers*, its persuasive authority is called into question. There is no indication from the *Thacker* court that it took into consideration the fact that *Flowers* was decided under the pre-1986 § 2520. There is no analysis by the *Thacker* court of § 2512 and its interplay with both the pre- and post-1986 amendment versions of § 2520; it did not address the difference between the two versions of § 2520. As *Thacker* merely relies upon *Flowers* and *Flowers* is clearly distinguishable from the case at bar, there is no reason to give any deference to the *Thacker* order. *Flowers* and, subsequently, *Thacker*, are simply not applicable to Count 3 of DIRECTV'S Complaint.

As amended in 1986, and currently effective, § 2520 confers a private cause of action for violation of § 2512. Meyer's motion to dismiss DIRECTV's Third Claim must be denied.

## IV.  CONCLUSION

Because § 2520 specifically confers a private right of action for violations of § 2512, and since the authority on which Meyer relies to make his argument for dismissal are clearly distinguishable, the Court should deny Meyer's motion to dismiss.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
**Lecia L. Chaney**
State Bar No. 00785757
Fed. I.D. #16499

5

1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax   : (956) 541-2170

OF COUNSEL:

GREER, HERZ & ADAMS, L.L.P.

**Joe A.C. Fulcher**
Federal ID No. 14126
St. Bar No. 07509320
**Kelly-Ann F. Clarke**
Federal ID No. 27195
St. Bar No. 24027929
**Robert A. Swofford**
Federal ID No. 19403
St. Bar No. 00791765
**Joseph R. Russo, Jr.**
Federal ID No. 22559
St. Bar No. 24002879
One Moody Plaza, 18th Floor
Galveston, Tx 77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

Ricardo Adobbati
Attorney & Counselor At Law
134 E. Price Road
Brownsville, Tx 78521
Attorney for Defendants, George Ramirez and Klaus Meyer

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the _____ 8 th _____ day of July, 2003.

Lecia L. Chaney

6